O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> H and S ELECTRIC INC., <br><br> Defendants. | Case No. CV 19-05347 DDP (Ex) <br><br> **ORDER GRANTING MOTION TO INTERVENE** <br><br> [Dkt. 22] |

Presently before the court is a motion to intervene by proposed Intervenor-Defendants Trustees of the Southern California IBEW-NECA Pension Plan, and others.[1] Defendant H and S Electric, Inc., does not oppose the motion. Plaintiff does, however, oppose intervention. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following Order.

**I. Background**

---

[1] The proposed Intervenors are all trustees of various funds associated with the International Brotherhood of Electrical Workers and electrical contractor associations.

Plaintiff administers various employee benefit plans established and governed by the Employee Retirement Income Security Act ("ERISA"). Plaintiff alleges that Defendant, an electrical contractor, is a party to various collective bargaining agreements with district and local laborers unions. Under those agreements, Plaintiff alleges, Defendant is obligated to make contributions to the various laborers' funds for all employee hours worked on tasks covered by the agreements. Plaintiff alleges that Defendant failed to make all of the required contribution payments.

Defendant contends that it does not owe any money to Plaintiff because the contributions at issue were owed, and paid, to different benefit plans pursuant to different agreements with various iterations of the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). (Answer ¶¶ 25-34.)

The trustees of the various IBEW-NECA funds now move to intervene as Defendants in this case.

**III. Discussion**

A. Intervention as of Right

Under Federal Rule of Civil Procedure 24, a court must allow intervention by any movant who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). When analyzing a motion to intervene as of right under Rule 24(a)(2), courts apply a four-part test: (1) the motion must be timely; (2) the applicant must claim a

"significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action. <u>Wilderness Soc. v. U.S. Forest Serv.</u>, 630 F.3d 1173, 1177 (9th Cir. 2011) (citations omitted). Courts, "guided primarily by practical considerations," construe this four-part test broadly in favor of intervenors. <u>United Staes ex rel. McGough v. Covington Techs. Co.</u>, 967 F.2d 1391, 1394 (9th Cir. 1992) (internal quotation omitted).

Here, Intervenors contend that Plaintiff's claims involve hours worked by forty of Defendant's employees. Intervenors further assert that Defendant paid contributions to Intervenors for work performed by thirty-six of those forty employees, and that less than 2% of Plaintiff's claims pertain to the remaining four workers. Intervenors fear, in essence, that Plaintiff is pursuing the same money that Defendant has already paid to Intervenors. Should Plaintiff prevail, Intervenors argue, Defendant will likely seek to recover from Intervenors amounts previously paid to Intervenors. In light of Defendant's Answer, these fears do not appear speculative, and are further substantiated by evidence of other, similar instances, in which Plaintiff sought delinquent contributions from other employers and those employers subsequently filed third party claims against Intervenors seeking refunds of contributions previously paid to Intervenors.

An applicant has a "significant protectable interest" in an action if (1) it asserts an interest that is protected under some

3

law, and (2) there is a "relationship" between its legally protected interest and the plaintiff's claims. <u>Donnelly v. Glickman</u>, 159 F.3d 405, 409 (9th Cir. 1998). Plaintiff does not appear to dispute that Intervenors have a legal interest in monies they have already received from Defendant and, at least to some extent, already spent. It is less clear, however, whether Plaintiff concedes that there is a "relationship" between Intervenors' already-received monies and the allegedly delinquent contributions Plaintiff seeks from Defendant. Plaintiff, relying upon <u>Donnelly</u>, argues that Intervenors cannot satisfy the third element of the intervention as of right test – that the disposition of the action may impair Intervenors' ability to protect its interest – because the element is satisfied "only if the resolution of the plaintiff's claims actually will affect the applicant." (Opposition at 5:16-17 (citing <u>Donnelly</u>, 159 F.3d at 410)). The <u>Donnelly</u> court's discussion, however, pertained not to the third, "impair or impede" element, but rather to the second, "protectable interest" element of the intervention test. As the court explained, the "relationship" requirement of the "protectable interest" element is only satisfied if resolution of the claims "actually will affect the applicant." <u>Donnelly</u>, 159 F.3d at 410.

Even considering Plaintiff's "actual impairment" argument in the context of the second element, however, Intervenors have met their burden. This Court acknowledges that some courts have relied upon <u>Donnelly</u> to deny intervention as of right where a proposed intervenor has not shown a certainty that its interest will be "actually impaired" by resolution of the existing litigation. <u>See</u>, <u>e.g.</u>, <u>Abbit v. ING USA Annuity</u>, No. 13-CV-2310-GPC-WVG, 2016 WL

4

6092592, at *2 (S.D. Cal. Oct. 19, 2016). It is unclear, however, whether such emphasis on the phrase "actually impaired" is appropriate. In Forest Conservation Council v. U.S. Forest Serv., for example, the Ninth Circuit explained that a proposed intervenor has a sufficient interest "where the . . . rights of the applicant may be affected by a proposed remedy," and allowed intervention by right where the proposed intervenors showed that they "could be bound by the court's decree." Forest Conservation Council, 66 F.3d 1489, 1495-6 (9th Cir. 1995), abrogated by Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173 (9th Cir. 2011) (internal quotation omitted) (emphasis added). Even post-Donnelly, the Ninth Circuit has found a legally protectable interest sufficient to support intervention as of right where an intervenor showed that its interests "could be affected" by resolution of a pending dispute. Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 820 (9th Cir. 2001). Furthermore, a requirement that a proposed intervenor conclusively demonstrate that a resolution of the pending matter would, regardless of outcome, necessarily affect the intervenor's interest would conflict with the Ninth Circuit's guidance that this Court construe the four-part test broadly in favor of intervenors, with an emphasis on practical considerations. McGough, 967 F.2d at 1394. Looking, then, to practical considerations, the court is satisfied that there is a sufficient relationship between Plaintiff's claims and Intervenor's interests insofar as Plaintiff may be attempting to recover the same monies that have already been paid to Intervenors.

"Generally, after determining that the applicant has a protectable interest, courts have 'little difficulty concluding' that the disposition of the case may affect such interest." Jackson v. Abercrombie, 282 F.R.D. 507, 517 (D. Haw. 2012) (quoting Lockyer v. United States, 450 F.3d 436, 442 (9th Cir.2006)). Such is the case here. Much of Plaintiff's opposition is devoted to arguments as to why Intervenors' fears are unfounded, either because Defendant might be contractually obligated to pay both Intervenors and Plaintiff or because, for various reasons, any attempts by Defendant to seek reimbursement from Intervenors might ultimately prove unsuccessful. The court takes no position on the merits of those arguments at this early stage. "[I]ntervention as of right does not require an absolute certainty that a party's interests will be impaired . . . ." Citizens for Balanced Use v. Montana Wilderness Ass'n, 647 F.3d 893, 900 (9th Cir. 2011). "Rule 24(a) is invoked when the disposition of the action 'may' practically impair a party's ability to protect their interest in the subject matter of the litigation." Id. As discussed above, Defendant takes the position that it owed and paid contributions to Intervenors, and owed nothing to Plaintiff. Should Plaintiff succeed in establishing that Defendant does indeed owe Plaintiff money, Defendant may seek to recover amounts it paid to Intervenors. Plaintiff's efforts, therefore, may impede Intervenors' interests in retaining those funds.

For these reasons, Intevernors may intervene in this action as of right.

    B.    Permissive Intervention

Even where a proposed intervenor cannot satisfy the four-part test under Rule 24(a)(2), courts may allow intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). There is little doubt that Intervenors' claim shares common questions with Plaintiff's claim, particularly in light of Defendant's contention that the contributions Plaintiff seeks were owed to Intervenors, not to Plaintiff.

Plaintiff is correct that this Court is obligated to consider whether intervention will unduly delay or prejudice the adjudication of Plaintiff's rights. See Fed. R. Civ. P. 24(b)(3). The issues raised by Intervenors appear to overlap to a significant degree with the defenses raised by Defendant, and are likely to be litigated regardless of intervention. Thus, to the extent intervention will cause any appreciable delay, there does not appear to be any danger of undue delay. Thus, even if Intervenors are not entitled to intervene as of right, this Court will allow intervention as a matter of discretion.

**IV. Conclusion**

For the reasons stated above, the motion to intervene is GRANTED.

IT IS SO ORDERED.

Dated: January 23, 2020

DEAN D. PREGERSON
United States District Judge