1  ALEXANDER B. CVITAN (SBN 81746)
      Email: alc@rac-law.com
2  J. DAVID SACKMAN (SBN 106703)
      Email: jds@rac-law.com
3  PETER A. HUTCHINSON (SBN 225399)
      Email: peterh@rac-law.com
4  REICH, ADELL & CVITAN, APC
   3550 Wilshire Boulevard, Suite 2000
5  Los Angeles, California 90010-2421
6  Telephone: (213) 386-3860, Facsimile: (213) 386-5583
   Attorneys for Plaintiff Construction Laborers Trust
7  Funds for Southern California Administrative Co.

8

9  DAVID S. MCLEOD (SBN 66808)
      Email: dmcleod@.pmcos.com
10 PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN
   555 S. Flower Street, 30th Floor
11 Los Angeles, CA 90071
   Phone: (213) 683-6500; Facsimile: (213) 683-6669
12 Attorneys for Defendant H & S Electric, Inc.

13

14 J. PAUL MOORHEAD (SBN 240029)
      Email: moorhead@luch.com
15 LAQUER, URBAN, CLIFFORD & HODGE LLP
   225 South Lake Avenue, Suite 200
16 Pasadena, California 91101-3030
   Telephone: (626) 449-1882; Facsimile: (626) 449-1958
17 Attorneys for Intervenors - Defendants,
   Trustees of the Southern California IBEW-NECA Pension Plan, et al.

18

19                 **UNITED STATES DISTRICT COURT**

20                 **CENTRAL DISTRICT OF CALIFORNIA**

21

22 CONSTRUCTION LABORERS TRUST            Case No. 2:19-cv-05347-DDP-E
   FUNDS FOR SOUTHERN CALIFORNIA
23 ADMINISTRATIVE COMPANY,                Discovery Matters Assigned to
                                          Magistrate Charles F. Eick
24        Plaintiff,
                                          **STIPULATED**
25        v.                              **PROTECTIVE ORDER**

26 H & S ELECTRIC, INC.,

27        Defendant,

28

---

1  TRUSTEES OF THE SOUTHERN
   CALIFORNIA IBEW-NECA PENSION
2  PLAN; et al.

3       Intervenors – Defendants,

4

5       Plaintiff Construction Laborers Trust Funds for Southern California
6  Administrative Company ("Laborers Trusts"), Defendant H & S Electric, Inc. ("H&S
7  Electric"), and Intervenors-Defendants Trustees of the Southern California IBEW-
8  NECA Pension Plan, et al. ("IBEW-NECA Trusts"), through their attorneys, hereby
9  stipulate as follows:

10      1.    A.    PURPOSES AND LIMITATIONS
11      Discovery in this action is likely to involve production of confidential,
12  proprietary, or private information for which special protection from public disclosure
13  and from use for any purpose other than prosecuting this litigation – subject to any
14  exceptions set forth in this stipulated protective order ("Stipulated Protective Order,"
15  "Protective Order" or "Order"), including those related to compliance with the
16  obligations referenced in paragraph 12.5 – may be warranted. Accordingly, the parties
17  hereby stipulate to and petition the Court to enter the following Stipulated Protective
18  Order. The parties acknowledge that this Order does not confer blanket protections on
19  all disclosures or responses to discovery and that the protection it affords from public
20  disclosure and use extends only to the limited information or items that are entitled to
21  confidential treatment under this Order and the applicable legal principles. The parties
22  further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective
23  Order does not entitle them to file confidential information under seal; Civil Local Rule
24  79-5 sets forth the procedures that must be followed and the standards that will be
25  applied when a party seeks permission from the court to file material under seal.

26      B.    GOOD CAUSE STATEMENT
27      This action is likely to involve private and confidential identification information
28  (social security numbers) of the employees of H&S Electric. Through the audit in this

---

1432700                           2                    Stipulated Protective Order

1   matter, the Laborers Trusts may have already reviewed such information.  Additionally,
2   as part of their initial disclosures the IBEW-NECA Trusts intend to produce certain
3   unredacted reports, submitted by H&S Electric to the IBEW-NECA Trusts, which
4   contain employee social security numbers.  This action may also involve information
5   which H&S Electric may claim is confidential.   The information related to H&S
6   Electric and its employees is generally unavailable to the public, and special protection
7   from public disclosure and from use for any purpose other than prosecution of this
8   action is warranted, subject to any exceptions set forth in this Stipulated Protective
9   Order, including those related to compliance with the obligations referenced in
10  paragraph 12.5.

11         Accordingly, to expedite the flow of information, to facilitate the prompt
12  resolution of disputes over confidentiality of discovery materials, to adequately protect
13  information the parties are entitled to keep confidential, to ensure that the parties are
14  permitted reasonable necessary uses of such material in preparation for and in the
15  conduct of trial, to address their handling at the end of the litigation, and serve the ends
16  of justice, a protective order for such information is justified in this matter. It is the
17  intent of the parties that information will not be designated as confidential for tactical
18  reasons and that nothing be so designated without a good faith belief that it has been
19  maintained in a confidential, non-public manner, and there is good cause why it should
20  not be part of the public record of this case.

21  2.    DEFINITIONS

22         2.1    Action: This pending federal law suit.

23         2.2    Challenging Party: A Party or Non-Party that challenges the designation of
24  information or items under this Order.

25         2.3    "CONFIDENTIAL" Information or Items: Information (regardless of how
26  it is generated, stored or maintained) or tangible things that qualify for protection under
27  Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause
28  Statement.

2.4   Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5   Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6   Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8   House Counsel: Attorneys who are employees of a party to this Action. House Counsel Does not include Outside Counsel of Record or any other outside Counsel.

2.9   Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11   Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

1  demonstrations, and organizing, storing, or retrieving data in any form or medium) and
2  their employees and subcontractors.

3       2.14  <u>Protected Material</u>: Any Disclosure or Discovery Material that is
4  designated as "CONFIDENTIAL."

5       2.15  <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material
6  from a Producing Party.

7  3.    <u>SCOPE</u>

8       The protections conferred by this Stipulation and Order cover not only Protected
9  Material (as defined above), but also (1) any information copied or extracted from
10  Protected Material;(2) all copies, excerpts, summaries, or compilations of Protected
11  Material; and (3) any testimony, conversations, or presentations by Parties or their
12  Counsel that might reveal Protected Material.

13      Any use of Protected Material at trial shall be governed by the orders of the trial
14  judge.  This Order does not govern the use of Protected Material at trial.

15  4.    <u>DURATION</u>

16      Even after final disposition of this litigation, the confidentiality obligations
17  imposed by this Order shall remain in effect until a Designating Party agrees otherwise
18  in writing or a court order otherwise directs.  Final disposition shall be deemed to be the
19  later of (1) dismissal of all claims and defenses in this Action, with or without
20  prejudice; and (2) final judgment herein after the completion and exhaustion of all
21  appeals, rehearings, remands, trials, or reviews of this Action, including the time limits
22  for filing any motions or applications for extension of time pursuant to applicable law.

23  5.    <u>DESIGNATING PROTECTED MATERIAL</u>

24      5.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>.
25  Each Party or Non-Party that designates information or items for protection under this
26  Order must take care to limit any such designation to specific material that qualifies
27  under the appropriate standards.  The Designating Party must designate for protection
28  only those parts of material, documents, items, or oral or written communications that

1    qualify so that other portions of the material, documents, items, or communications for
2    which protection is not warranted are not swept unjustifiably within the ambit of this
3    Order.

4        Mass, indiscriminate, or routinized designations are prohibited. Designations that
5    are shown to be clearly unjustified or that have been made for an improper purpose
6    (e.g., to unnecessarily encumber the case development process or to impose
7    unnecessary expenses and burdens on other parties) may expose the Designating Party
8    to sanctions.

9        If it comes to a Designating Party's attention that information or items that it
10   designated for protection do not qualify for protection, that Designating Party must
11   promptly notify all other Parties that it is withdrawing the inapplicable designation.

12       5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this
13   Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or
14   ordered, Disclosure or Discovery Material that qualifies for protection under this Order
15   must be clearly so designated before the material is disclosed or produced.

16       Designation in conformity with this Order requires:

17       (a)   For information in documentary form (other than electronic
18   documents, dealt with below, and excluding transcripts of depositions or other pretrial
19   or trial proceedings), that the Producing Party affix at a minimum, the legend
20   "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that
21   contains protected material.  If only a portion or portions of the material on a page
22   qualifies for protection, the Producing Party also must clearly identify the protected
23   portion(s) (e.g., by making appropriate markings in the margins either explaining which
24   portion(s) qualify/ies for protection or noting that the protected portion(s) are identified
25   in a separate document concurrently delivered by the Producing Party with the
26   Disclosure or Discovery Material, which must be so concurrently delivered).

27       A Party or Non-Party that makes original documents available for inspection
28   need not designate them for protection until after the inspecting Party has indicated

which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins either explaining which portion(s) qualify/ies for protection or noting that the protected portion(s) are identified in a separate document concurrently delivered by the Producing Party with the Disclosure or Discovery Material, which must be so concurrently delivered).

(b)    For testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)    For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)    For information in electronic format, the Producing Party shall, in a separate communication, indicate which portions of the electronic data should be considered "CONFIDENTIAL" (e.g., indicating a column of social security numbers in spreadsheet is "CONFIDENTIAL"). The Producing Party and the Receiving Party shall jointly be responsible for taking reasonable precautions to assure that CONFIDENTIAL information will be protected in the transmission or exchange of electronic data. All Parties shall be responsible for complying with all laws and

1   regulations protecting the privacy of electronic data, including, but not limited to, the

2   Electronic Communications Privacy Act (18 U.S.C. §2510, et. seq.) and the Computer

3   Fraud and Abuse Act (18 U.S.C. §1030, et. seq.)

4        5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent

5   failure to designate qualified information or items does not, standing alone, waive the

6   Designating Party's right to secure protection under this Order for such material. Upon

7   timely correction of a designation, the Receiving Party must make reasonable efforts to

8   assure that the material is treated in accordance with the provisions of this Order.

9   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

10        6.1   Timing of Challenges. Any Party or Non-Party may challenge a

11   designation of confidentiality at any time that is consistent with the Court's Scheduling

12   Order.

13        6.2   Meet and Confer. The Challenging Party shall initiate the dispute

14   resolution process under Local Rule 37-1 et seq.

15        6.3   The burden of persuasion in any such challenge proceeding shall be on the

16   Designating Party. Frivolous challenges, and those made for an improper purpose (e.g.,

17   to harass or impose unnecessary expenses and burdens on other parties) may expose the

18   Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn

19   the confidentiality designation, all parties shall continue to afford the material in

20   question the level of protection to which it is entitled under the Producing Party's

21   designation until the Court rules on the challenge.

22   7.    ACCESS TO AND USE OF PROTECTED MATERIAL

23        7.1   Basic Principles. A Receiving Party may use Protected Material that is

24   disclosed or produced by another Party or by a Non-Party in connection with this

25   Action only for prosecuting, defending, or attempting to settle this Action, subject to

26   any exceptions set forth in this Order, including those related to compliance with the

27   obligations referenced in paragraph 12.5. Subject to any such exceptions, such

28   Protected Material may be disclosed only to the categories of persons and under the

---

1   conditions described in this Order. When the Action has been terminated, a Receiving
2   Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

3       Protected Material must be stored and maintained by a Receiving Party at a
4   location and in a secure manner that ensures that access is limited to the persons
5   authorized under this Order.

6       7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise
7   ordered by the court or permitted in writing by the Designating Party, a Receiving Party
8   may disclose any information or item designated "CONFIDENTIAL" only to:

9       (a)   The Receiving Party's Outside Counsel of Record in this Action, as well as
10  employees of said Outside Counsel of Record to whom it is reasonably necessary to
11  disclose the information for this Action;

12      (b)   The officers, directors, and employees (including House Counsel) of the
13  Receiving Party to whom disclosure is reasonably necessary for this Action;

14      (c)   Experts (as defined in this Order) of the Receiving Party to whom
15  disclosure is reasonably necessary for this Action and who have signed the
16  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17      (d)   The court and its personnel;

18      (e)   Court reporters and their staff;

19      (f)   Professional jury or trial consultants, mock jurors, and Professional
20  Vendors to whom disclosure is reasonably necessary for this Action and who have
21  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22      (g)   The author or recipient of a document containing the information or a
23  custodian or other person who otherwise possessed or knew the information;

24      (h)   During their depositions, witnesses, and attorneys for witnesses, in the
25  Action to whom disclosure is reasonably necessary provided: (1) the deposing party
26  requests that the witness sign the form attached as Exhibit A hereto; and (2) they will
27  not be permitted to keep any confidential information unless they sign the
28  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed

1   by the Designating Party or ordered by the court.  Pages of transcribed deposition
2   testimony or exhibits to depositions that reveal Protected Material may be separately
3   bound by the court reporter and may not be disclosed to anyone except as permitted
4   under this Stipulated Protective Order;

5          (i)     Any mediator or settlement officer, and their supporting personnel,
6   mutually agreed upon by any of the parties engaged in settlement discussions; and

7          (j)     Person(s) reasonably necessary in order to comply with or fulfil legal
8   obligations referenced in paragraph 12.5 of this Protective Order.

9   8.     PROTECTED MATERIAL SUBPOENED OR ORDERED PRODUCED IN
10         OTHER LITIGATION

11         If a Party is served with a subpoena or a court order issued in other litigation that
12   compels disclosure of any information or items designated in this Action as
13   "CONFIDENTIAL," that Party must:

14         (a)     Promptly notify in writing the Designating Party.  Such notification shall
15   include a copy of the subpoena or court order;

16         (b)     Promptly notify in writing the party who caused the subpoena or order to
17   issue in the other litigation that some or all of the material covered by the subpoena or
18   order is subject to this Protective Order. Such notification shall include a copy of this
19   Stipulated Protective Order; and

20         (c)     Cooperate with respect to all reasonable procedures sought to be pursued
21   by the Designating Party whose Protected Material may be affected.  If the Designating
22   Party timely seeks a protective order, the Party served with the subpoena or court order
23   shall not produce any information designated in this action as "CONFIDENTIAL"
24   before a determination by the court from which the subpoena or order issued, unless the
25   Party has obtained the Designating Party's permission.  The Designating Party shall
26   bear the burden and expense of seeking protection in that court of its confidential
27   material and nothing in these provisions should be construed as authorizing or
28   ///

1 encouraging a Receiving Party in this Action to disobey a lawful directive from another

2 court.

3 9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

4 **PRODUCED IN THIS LITIGATION**

5 (a) The terms of this Order are applicable to information produced by a Non-

6 Party in this Action and designated as "CONFIDENTIAL." Such information produced

7 by Non-Parties in connection with this litigation is protected by the remedies and relief

8 provided by this Order. Nothing in these provisions should be construed as prohibiting

9 a Non-Party from seeking additional protections.

10 (b) In the event that a Party is required, by a valid discovery request, to

11 produce a Non-Party's confidential information in its possession, and the Party is

12 subject to an agreement with the Non-Party not to produce the Non-Party's confidential

13 information, then the Party shall:

14 (1) Promptly notify in writing the Requesting Party and the Non-Party

15 that some or all of the information requested is subject to a confidentiality agreement

16 with a Non-Party;

17 (2) Promptly provide the Non-Party with a copy of the Stipulated

18 Protective Order in this Action, the relevant discovery request(s), and a reasonably

19 specific description of the information requested; and

20 (3) Make the information requested available for inspection by the Non-

21 Party, if requested.

22 (c) If the Non-Party fails to seek a protective order from this court within 14

23 days of receiving the notice and accompanying information, the Receiving Party may

24 produce the Non-Party's confidential information responsive to the discovery request. If

25 the Non-Party timely seeks a protective order, the Receiving Party shall not produce

26 any information in its possession or control that is subject to the confidentiality

27 agreement with the Non-Party before a determination by the court. Absent a court order

28 ///

1  to the contrary, the Non-Party shall bear the burden and expense of seeking protection
2  in this court of its Protected Material.

3  10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
5  Protected Material to any person or in any circumstance not authorized under this
6  Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing
7  the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve
8  all unauthorized copies of the Protected Material, (c) inform the person or persons to
9  whom unauthorized disclosures were made of all the terms of this Order, and (d)
10  request such person or persons to execute the "Acknowledgment and Agreement to Be
11  Bound" that is attached hereto as Exhibit A.

12  11.    INADVERTENT    PRODUCTION    OF    PRIVILEGE    OR    OTHERWISE
13         PROTECTED MATERIAL

14         When a Producing Party gives notice to Receiving Parties that certain
15  inadvertently produced material is subject to a claim of privilege or other protection, the
16  obligations of the Receiving Parties are those set forth in Federal Rule of Civil
17  Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure
18  may be established in an e-discovery order that provides for production without prior
19  privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the
20  parties reach an agreement on the effect of disclosure of a communication or
21  information covered by the attorney-client privilege or work product protection, the
22  parties may incorporate their agreement in the stipulated protective order submitted to
23  the court.

24  12.    MISCELLANEOUS

25         12.1   Right to Further Relief. Nothing in this Order abridges the right of any
26  person to seek its modification by the Court in the future.

27         12.2   Right to Assert Other Objections. By stipulating to the entry of this
28  Protective Order no Party waives any right it otherwise would have to object to

1  disclosing or producing any information or item on any ground not addressed in this
2  Stipulated Protective Order.   Similarly, no Party waives any right to object on any
3  ground to use in evidence of any of the material covered by this Protective Order.

4        12.3  Filing Protected Material. A Party that seeks to file under seal any
5  Protected Material must comply with Civil Local Rule 79-5. Protected Material may
6  only be filed under seal pursuant to a court order authorizing the sealing of the specific
7  Protected Material at issue.  If a Party's request to file Protected Material under seal is
8  denied by the court, then the Receiving Party may file the information in the public
9  record unless otherwise instructed by the court.

10        12.4  Other Redaction and Privacy Requirements.  Nothing in this Stipulated
11  Protective Order is meant to, and this Stipulated Protective Order shall not, negate any
12  redaction or other privacy requirement applicable to filing documents with this or any
13  other court or other legal proceeding.

14        12.5  Compliance With ERISA and Other Laws.  It is recognized that the
15  Laborers Trusts and the IBEW-NECA Trusts are fiduciaries as to employee benefit
16  plans governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C.
17  §§ 1001, et. seq.  As such, they (and other agents and employees of such employee
18  benefit plans) have independent legal obligations under ERISA and other laws
19  regarding reporting, disclosure, use and protection of certain information.  Nothing in
20  this Stipulated Protective Order is meant to, and this Stipulated Protective Order shall
21  not, alter or supersede any such legal obligations in any way.  To any extent this
22  Stipulated Protective Order conflicts with such an obligation under ERISA or other law
23  regarding reporting, disclosure, use or protection of information, the obligation under
24  ERISA or other law shall prevail and the Laborers Trusts and IBEW-NECA Trusts shall
25  not be restricted in disclosing information that is subject to this Protective Order to the
26  extent reasonably necessary to comply with or fulfil the obligation.

27  ///

28  ///

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding the provision of this paragraph 13 requiring destruction of Protected Material, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such Materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).  Also, notwithstanding the provision of this paragraph 13 requiring destruction of Protected Material, nothing in this Stipulated Protective Order shall require the destruction of Protected Material used for or documenting compliance with or fulfilment of any legal obligation under ERISA or other law regarding reporting, disclosure, use or protection of information, as referenced in paragraph 12.5 of this Protective Order.  Any such Protected Material shall, however, remain subject to the provision of this paragraph 13 requiring its destruction to the extent that such destruction does not conflict with the effectuation or documentation of compliance with or fulfilment of any such other obligation

///

1        14.   Any violation of this Order may be punished by any and all appropriate

2    measures including, without limitation, contempt proceedings and/or monetary

3    sanctions.

4

5    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

6

7    Dated: March 12, 2020     LAQUER, URBAN, CLIFFORD & HODGE LLP

8                          By:   */s/ J. Paul Moorhead*

9                          J. Paul Moorhead, Counsel for Intervenors –
                      Defendants, Trustees of the Southern California

10                         IBEW-NECA Pension Plan, et. al.

11   Pursuant to L.R. 5-4.3.4(a)(2)(i), the above-filer attests that all other signatories listed

12   below, on whose behalf the filing is submitted, concur in the filing's content and have

13   authorized the filing.

14

15   Dated: March 12, 2020     REICH, ADELL & CVITAN, APC

16                         By:   */s/ Peter A. Hutchinson*

17                         Peter A. Hutchinson, Counsel for Plaintiff,
                      Construction Laborers Trust Funds for Southern

18                         California Administrative Company

19   Dated: March 12, 2020     PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN

20                         By:   */s/ David S. McLeod*

21                         David S. McLeod, Counsel for Defendant,
                      Defendant H&S Electric, Inc.

22

23   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

24

25   Dated: _3/12/20_

26                                           Honorable Charles F. Eick
                                       United States Magistrate Judge

27

28

1
2
3

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

4      I, _____ [print or type full name], of _____

5   [print or type full address], declare under penalty of perjury that I have read in its

6   entirety and understand the Stipulated Protective Order that was issued by the United

7   States District Court for the Central District of California on _____ [date] in the case

8   of Construction Laborers Trust Funds for Southern California Administrative Company

9   v. H & S Electric, Inc., et al., USDC Case No. 2:19-cv-05347-DDP-E.  I agree to

10   comply with and to be bound by all of its terms and I understand and acknowledge that

11   failure to do so could expose me to sanctions and punishment in the nature of contempt.

12   I solemnly promise that I will not disclose in any manner any information or item that is

13   subject to the Stipulated Protective Order to any person or entity except in strict

14   compliance with the provisions of the Stipulated Protective Order.

15      I further agree to submit to the jurisdiction of the United States District Court for

16   the Central District of California for the purpose of enforcing the terms of the Stipulated

17   Protective Order, and this Acknowledgment and Agreement to be Bound, even if such

18   enforcement proceeding occurs after termination of this action.  I hereby appoint

19   _____ [print or type full name] of _____

20   [print or type full address and telephone number] as my California agent for service of

21   proceedings connection with this action or any proceedings related to enforcement of

22   the Stipulated Protective Order and this Acknowledgement and Agreement to be

23   Bound.

24

25   Date: _____

26   City and State where sworn and signed: _____, _____

27   Printed name: _____

28   Signature: _____

---

1432700                                    16                        Stipulated Protective Order